UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY S., <br><br>　　　　　　　　　Plaintiff, <br><br>　v. <br><br>ANDREW M. SAUL, <br>Commissioner of Social Security, <br><br>　　　　　　　　　Defendant. | CASE NO. C20-5193-MAT <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1966.[1] He has a high school education and previously worked as a recruiter and combat crewmember. (AR 1377.)

Plaintiff filed an application for DIB on May 25, 2017, alleging disability beginning November 1, 2009. (AR 1364.) The application was denied at the initial level and on

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

reconsideration.

On March 26, 2018, ALJ David Johnson held a hearing, taking testimony from plaintiff and a vocational expert. (AR 46-80.) On July 26, 2018, the ALJ issued a decision finding plaintiff not disabled from November 1, 2009, through his date last insured of December 31, 2013. (AR 31-40.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on November 19, 2018 (AR 1-3), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court. The Court reversed the Commissioner's final decision and remanded for further administrative proceedings. (AR 1422-29.)

On remand, after plaintiff waived the right to appear and testify at a hearing, the ALJ issued a decision on December 26, 2019, finding plaintiff not disabled from August 19, 2010, the day after a prior determination that was not appealed, through the December 2013 date last insured. (AR 1364-79.) Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff had severe impairments of posttraumatic stress disorder (PTSD), cognitive disorder, history of traumatic brain

injury (TBI), histories of substance use disorders, vision disturbance, history of knee abnormality, spinal abnormality, sleep apnea, degenerative joint disease, and acetabular fracture. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform light work with frequent balancing, stooping, kneeling, crouching, or crawling and occasional far acuity. He could perform simple, routine tasks presented to him. With that assessment, the ALJ found plaintiff unable to perform his past relevant work.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a vocational expert, the ALJ found plaintiff capable of performing other jobs, such as work as a cashier, garment sorter, or shellfish preparer.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of

which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ *de facto* reopened the 2010 prior determination and erred by discounting evidence of mental limitations in his testimony and two medical opinions. He requests remand for an award of benefits or, in the alternative, for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

### Reopening of Prior Determination

"[W]hen an ALJ later considers 'on the merits' whether the claimant was disabled during an already-adjudicated period [the] ALJ *de facto* reopens the prior adjudication…." *Lewis v. Apfel*, 236 F.3d 503, 510 (9th Cir. 2001) (citing *Lester v. Chater*, 81 F.3d 821, 827 n. 3 (9th Cir. 1995)). Plaintiff contends the ALJ *de facto* reopened his 2010 determination by considering evidence from 2009. The Commissioner does not dispute the ALJ *de facto* reopened the prior determination, but contends reopening does not establish separate grounds for remand. Plaintiff effectively agrees, relying on reopening only as it relates to a July 2009 medical opinion. (Dkt. #20 at 6.) Accordingly, the Court considers the period beginning on the alleged onset date of November 1, 2009, in addressing plaintiff's remaining assignments of error.

### Medical Opinions

Although the parties disagree on the standard of review, neither contends the difference between the two standards would change the outcome here. Because plaintiff filed his claim after March 27, 2017, new regulations apply to the ALJ's evaluation of medical opinion evidence. Under the regulations, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)[.]" 20

C.F.R. § 404.1520c(a).[2] The ALJ must articulate and explain the persuasiveness of an opinion or prior finding based on "supportability" and "consistency," the two most important factors in the evaluation. *Id*. at (a), (b)(1)-(2). The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion or prior finding. *Id*. at (c)(1)-(2). The ALJ may but is not required to explain how other factors were considered, as appropriate, including relationship with the claimant (length, purpose, and extent of treatment relationship; frequency of examination); whether there is an examining relationship; specialization; and other factors, such as familiarity with other evidence in the claim file or understanding of the Social Security disability program's policies and evidentiary requirements. *Id*. at (b)(2), (c)(3)-(5). *But see id*. at (b)(3) (where finding two or more opinions/findings about same issue equally supported and consistent with the record, but not exactly the same, ALJ will articulate how other factors were considered).

The new regulations require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. § 404.1520c(a), (b). At the least, this appears to necessitate that an ALJ specifically account for the legitimate factors of supportability and consistency in addressing the persuasiveness of a medical opinion. The Court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence. *See* 82 Fed. Reg. at 5852 ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision. . . .

---

[2] "A prior administrative medical finding is a finding, other than the ultimate determination about [disability], about a medical issue made by our Federal and State agency medical and psychological consultants at a prior level of review . . . in [a] claim based on their review of the evidence in your case record[.]" 20 C.F.R. §§ 404.1513(a)(5), 416.913(a)(5).

ORDER
PAGE - 5

[T]hese courts, in reviewing final agency decisions, are reweighing evidence instead of applying the substantial evidence standard of review, which is intended to be highly deferential standard to us.").

Terrence Schomburg, Ph.D.

In July 2009, Dr. Schomburg examined plaintiff and opined his psychiatric symptoms cause occupational and social impairment with "occasional decrease in work efficiency and intermittent inability to perform occupational tasks[.]" (AR 1307.) The ALJ found Dr. Schomburg's opinion unpersuasive because it did not describe specific limitations and was inconsistent with his own and other clinical findings and plaintiff's social activities. (AR 1375.)

In his opening brief plaintiff argues Dr. Schomburg's opinion of intermittent inability "would preclude regular and continuing work," while in his reply brief plaintiff argues intermittent inability "by definition contemplates some time off-task," which the ALJ erred by not including in the RFC. (Dkt. #18 at 6; Dkt. #20 at 7.) Plaintiff's varying interpretations serve to illustrate the ALJ's point that the opinion "does not specifically describe the claimant's level of functioning." (AR 1375.)

Where an ALJ finds a doctor's "descriptions of [plaintiff's] ability to perform in the workplace . . . were not useful because they failed to specify [plaintiff's] functional limits . . . , the ALJ could reasonably conclude these characterizations were inadequate for determining RFC." *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) ("limited" and "fair" were not useful characterizations). *See also Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (ALJ not required to provide clear and convincing reasons to reject physician's statement when statement did not assess any limitations); *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999) (finding substantial evidence support for ALJ's determination

ORDER
PAGE - 6

physician's reports did not show how a claimant's "symptoms translate into specific functional deficits which preclude work activity."). Here, the ALJ reasonably concluded the vague opinion of intermittent inability was not useful because it failed to specify plaintiff's level of functioning. The ALJ did not err by discounting Dr. Schomburg's opinion for lack of specific limitations.

The ALJ also discounted Dr. Schomburg's opinion, to the extent it might indicate disabling social impairment, as inconsistent with plaintiff's activities in maintaining relationships with a girlfriend and a motorcycle club he regarded as family, and providers' consistent findings that plaintiff was pleasant and cooperative. (AR 1375.)

Plaintiff contends that, unlike work activity, his social activities were self-scheduled, at his own pace, without any minimum standards, and could be performed with intermittent breaks. (Dkt. #18 at 7.) Plaintiff's argument misses the point. An ALJ may discount a medical opinion that is contradicted by a claimant's activities, even if those activities do not rise to the level of full-time work. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (affirming an ALJ's rejection of a treating physician's opinion that was inconsistent with the claimant's level of activity). Plaintiff fails to establish the ALJ erred by discounting Dr. Schomburg's opinion based on inconsistency with plaintiff's activities.

Plaintiff argues being pleasant at medical visits is not inconsistent with Dr. Schomburg's opined limitation that "applied to occupational settings." (Dkt. #18 at 7.) However, the ALJ reasonably inferred that consistently pleasant interactions at office visits reflected plaintiff's ability to socially interact with others. Plaintiff further argues one treatment note finding him pleasant also described him as very verbose and difficult to redirect, and another documented plaintiff's reports of vertigo, headaches, and sleep disturbance. (*See* AR 358, 956.) These treatment notes do not deprive the ALJ's findings of substantial evidentiary support. There is no dispute plaintiff

ORDER
PAGE - 7

experienced mental symptoms, but the ALJ reasonably concluded that consistent descriptions of him as pleasant and cooperative contradicted an opinion of disabling social impairment. The ALJ did not err by discounting Dr. Schomburg's opinion as inconsistent with the record. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record).

The Court concludes the ALJ did not err by discounting Dr. Schomburg's opinion.

James Hopfenbeck, M.D.

In October 2018, Dr. Hopfenbeck reviewed medical records, examined plaintiff, and filled out a Medical Source Statement. He opined that, since December 31, 2013, plaintiff had been extremely limited in all work-related abilities addressed in the questionnaire. (AR 1521-23.) Dr. Hopfenbeck also submitted a Psychiatric Evaluation, concluding plaintiff's "PTSD is chronic . . . and has been broadly disabling since December of 2013." (AR 1520.) The ALJ discounted Dr. Hopfenbeck's opinion for several reasons.

The ALJ found Dr. Hopfenbeck's opinion inconsistent with November and December 2013 treatment notes. (AR 1376.) An extensive mental status examination on November 27, 2013, documented entirely normal results. (AR 379.) Another thorough mental status examination on December 11, 2013, revealed entirely normal results, although plaintiff was described as "very verbose and difficult to redirect" as well as "pleasant." (AR 358.) Plaintiff argues Dr. Hopfenbeck reviewed those findings and was better qualified than the ALJ to evaluate them. (Dkt. #18 at 9.) Dr. Hopfenbeck's medical qualifications are not in doubt. However, an ALJ is not required to accept every medical opinion by a qualified professional. According to Ninth Circuit precedent, an ALJ may discount an opinion that conflicts with the record. *See Tommasetti*, 533 F.3d at 1041. The ALJ reasonably found that entirely normal clinical findings contradicted Dr. Hopfenbeck's

ORDER
PAGE - 8

opinion of extreme limitations. The ALJ did not err by discounting Dr. Hopfenbeck's opinion based on inconsistency with the record. Accordingly, even if the ALJ's other reasons were erroneous, such error would be harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (ALJ's error may be deemed harmless where it is "'inconsequential to the ultimate nondisability determination.'"). The Court concludes the ALJ did not err by discounting Dr. Hopfenbeck's opinion.

## Symptom Testimony

In assessing a claimant's report of symptoms, an ALJ must follow a two-step process. The ALJ first determines whether a claimant presents "objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). Plaintiff argues clinical diagnoses of TBI and PTSD support his testimony of "brain damage and memory deficits." (Dkt. #18 at 11.) But these findings only address the first step in the two-step process. There is no dispute that plaintiff's medically determinable impairments "could reasonably be expected to cause" the alleged symptoms. (AR 1370.)

In the second step, given presentation of adequate objective evidence, and absent evidence of malingering, an ALJ must provide specific, clear, and convincing reasons to reject a claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014) (citing *Molina*, 674 F.3d at 1112). In considering the intensity, persistence, and limiting effects of a claimant's symptoms, the ALJ "examine[s] the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the

ORDER
PAGE - 9

individual's case record." Social Security Ruling (SSR) 16-3p.[3]

Plaintiff contends the ALJ erred by rejecting his testimony of memory, cognitive, and social impairments. The ALJ discounted this testimony as contradicted by contemporaneous clinical findings that "[m]emory, concentration and attention [were] unimpaired[,]" cognition was intact, and plaintiff was consistently pleasant and cooperative with normal mood and affect. (AR 379, 358.) An ALJ may reject symptom testimony upon finding it contradicted by or inconsistent with the medical record. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). Plaintiff contends Dr. Schomburg's finding of short-term memory deficits supports his testimony. "The ALJ is responsible for determining credibility and resolving conflicts in medical testimony." *Magallanes*, 881 F.2d at 750. Here, the ALJ permissibly resolved the conflict by relying on multiple treatment providers' notes documenting normal memory and intact cognition. One contrary finding does not deprive the ALJ's finding of substantial evidentiary support. Contradiction by the medical record was a clear and convincing reason to discount plaintiff's testimony.

Even if the ALJ's remaining reasons were erroneous, given the existence of a valid reason for the ALJ's decision, such errors would be deemed harmless. *See Carmickle*, 533 F.3d at 1162-63. The Court concludes the ALJ did not err by discounting plaintiff's testimony.

/ / /

/ / /

/ / /

---

[3] Effective March 28, 2016, the Social Security Administration (SSA) eliminated the term "credibility" from its policy and clarified the evaluation of a claimant's subjective symptoms is not an examination of character. SSR 16-3p. The Court continues to cite to relevant case law utilizing the term credibility.

ORDER
PAGE - 10

**CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 7th day of October, 2020.

Mary Alice Theiler
United States Magistrate Judge

ORDER
PAGE - 11